Tuttle *v.* Gladding.

---

EDGAR A. TUTTLE *v.* WILLIAM J. GLADDING.

Where the owner of goods, having deposited them with the defendant for safe keeping, sold them to the plaintiff, who thereupon, accompanied by the former owner, demanded the goods of the defendant, and the defendant refused to deliver them, assigning as a reason therefor, that the goods were not in his possession, but had been already delivered to a brother of the former owner, when in fact he still retained the goods; *held*, that such refusal was sufficient evidence of a conversion, and that the plaintiff could maintain an action for the wrongful detention and conversion.

*Held*, also, that the defendant having made no inquiry into the plaintiff's authority, but rested his refusal upon another distinct and false pretence, could not afterwards object that he was not actually notified of the sale to the plaintiff.

*Held*, further, that the presence of the former owner, and his silent acquiescence in the plaintiff's demand, was sufficient evidence of authority in the plaintiff, and the defendant should have delivered the goods; or if he had any doubt of the plaintiff's authority, should have inquired into it, instead of resting his refusal upon the pretence that the goods were not in his possession.

A person in lawful possession of personal property may, when the same is demanded of him by a third person, require reasonable evidence of the authority to make the demand; and a refusal to deliver, without such evidence, when so required, is not sufficient evidence of a conversion.

APPEAL from the Third District Court, where the defendant was nonsuited in an action for damages for an alleged wrongful detention and conversion of goods. The opinion discloses the material facts.

*Francis Sayre*, for the appellant, cited 3 Phil. Ev. 225, and cases there cited; *Mitchell* v. *Williams*, 4 Hill, 13.

*Robert Angus*, for the respondent.

BY THE COURT. WOODRUFF, J.—Upon the facts specially found by the justice, and embodied in his return, I think the court below erred in granting the nonsuit. It is found that the owner of goods which were in the defendant's possession, sold them to the plaintiff, and thereupon such vendor went with the plaintiff to the defendant, and in his presence the plaintiff demanded the goods. The defendant refused to deliver them, upon the confessedly false pretence that they had already been delivered to a third person.

Upon these facts I think the action could be and ought to have been sustained. The present claim, that the plaintiff should have exhibited to the defendant his bill of sale, or have stated his title, is a mere evasion, as the grounds of his refusal were false and without foundation. It is undoubtedly true, that when goods are in the lawful possession of a party, and a demand is made of him by a stranger, such party may require to be reasonably satisfied of the stranger's title; and if he act in good faith, a refusal to deliver without some evidence of such title will not be deemed sufficient to charge him as for conversion of the property.

But here the depositor went with his vendee—the demand was made in his presence—he was silently assenting to the demand. It was quite immaterial to the defendant whether the plaintiff, in that demand, was acting as the agent of the depositor, who was then present and thus assenting, or whether—as was in truth this case—he was making the demand on his own behalf. The demand being thus made, the defendant would have been fully protected had he delivered the property. The depositor being present and not objecting, but by his silent presence assenting, could never after have claimed the goods from the defendant, but, on the contrary, the delivery would have been tantamount to a delivery to his own hands.

Besides the utter falsehood and want of good faith in placing his refusal upon the ground that he had already parted with the property, when, if he had any doubt of the plaintiff's authority to make the demand, he should

have rested his refusal upon that ground, ought to conclude him.

The plaintiff had in fact sufficient authority to make the demand, and the only possible question of its sufficiency lies in the inquiry—Had the defendant sufficient notice of that authority? We have no hesitation in saying that he had, and that the conclusion of the court below is not sustained by the evidence. The judgment should be reversed.

Judgment reversed.